IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

      Plaintiff,                No. 2: 11-cv-3053 KJN P

    vs.

EDMUND G. BROWN, et al.,

      Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1  allegations sufficient "to raise a right to relief above the speculative level." Id.  However,
2  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
3  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
4  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
5  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
6  as true the allegations of the complaint in question,  id., and construe the pleading in the light
7  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8  Named in plaintiff's complaint as defendants are Governor Brown, Secretary of
9  the California Department of Corrections and Rehabilitation ("CDCR") Kernan, Wardens Singh
10  and Dickinson, and Appeals Coordinators Sinkovich and Lewis.  Plaintiff has named several
11  "doe" defendants, but the undersigned will address only the claims made against the defendants
12  identified by name.

13  At the outset, the undersigned observes that the complaint does not identify the
14  relief sought, as required by Federal Rule of Civil Procedure 8(a).  On this ground, the complaint
15  is dismissed with leave to amend.

16  Plaintiff alleges that as a result of defendant Brown failing to fulfill his official
17  obligations, CDCR staff have become corrupted.  Plaintiff alleges that as a result of the
18  corruption, plaintiff's ability to file staff complaints has been unlawfully infringed.  Plaintiff does
19  not specifically describe how defendant Brown failed to perform his job and how this inadequate
20  job performance led prison staff to interfere with plaintiff's filing of staff complaints.  Because
21  this claim is vague and conclusory, it is dismissed with leave to amend.

22  Plaintiff next alleges that defendant Brown's failure to ensure that CDCR staff
23  comply with state law regarding the administrative grievance process led to plaintiff being
24  subject to extortion, forced medical treatment, torture, denial of medication, denial of dental
25  services, etc.  Plaintiff again does not specifically defendant Brown's conduct that led CDCR
26  staff to fail to comply with state law regarding the administrative grievance process.  Plaintiff

also does not describe how the improper handling of his grievances led to the alleged deprivations. Plaintiff also does not describe the torture, extortion, denial of medication, etc., that he was allegedly subject to as a result of the failure of CDCR staff to process his grievances. Because this claim is vague and conclusory, it is dismissed with leave to amend.

Plaintiff next alleges that defendants Wardens failed to properly supervise defendants Appeals Coordinators. Plaintiff alleges that this inadequate supervision resulted in the "wholesale predation of plaintiff by the criminally inclined staff at CMF . . ." Plaintiff does not describe how the inadequate supervision caused him to be preyed upon, nor does plaintiff describe the "wholesale predation." Because this claim is vague and conclusory, it is dismissed.

As indicated above, the undersigned has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1     In addition, plaintiff is hereby informed that the court cannot refer to a prior
2 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
3 an amended complaint be complete in itself without reference to any prior pleading.  This
4 requirement exists because, as a general rule, an amended complaint supersedes the original
5 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
6 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
7 amended complaint, as in an original complaint, each claim and the involvement of each
8 defendant must be sufficiently alleged.

9     In accordance with the above, IT IS HEREBY ORDERED that:

10     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
13 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14 Director of the California Department of Corrections and Rehabilitation filed concurrently
15 herewith.

16     3.  Plaintiff's complaint is dismissed.

17     4.  Within thirty days from the date of this order, plaintiff shall complete the
18 attached Notice of Amendment and submit the following documents to the court:

19      a.  The completed Notice of Amendment; and

20      b.  An original and one copy of the Amended Complaint.

21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

5

1  Plaintiff's amended complaint shall comply with the requirements of the Civil
2 Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended
3 complaint must also bear the docket number assigned to this case and must be labeled "Amended
4 Complaint." Failure to file an amended complaint in accordance with this order may result in the
5 dismissal of this action.

DATED:  January 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

br3053.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

      Plaintiff,                              No. 2: 11-cv-3053 KJN P

      vs.

EDMUND G. BROWN,                  NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                          _____
                                          Plaintiff