IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

        Plaintiff,                      No. 2: 11-cv-3053 KJN P

     vs.

EDMUND G. BROWN, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed March 9, 2012. For the following reasons, the amended complaint is dismissed with leave to file a second amended complaint.

        Named as defendants are Governor Brown, California Inspector General Barton and California Attorney General Harris. The amended complaint contains three claims for relief.

        *Claim One*

        In claim one, plaintiff alleges that he sent defendants multiple letters informing them that he, plaintiff, was the victim of criminal activity committed by employees of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges that it is each defendants' duty to investigate allegations of criminal activity. Plaintiff claims that no

1

defendant attempted to investigate his numerous accusations of criminal acts.

The only alleged criminal act identified by plaintiff in the amended complaint concerns Dr. Bick. Plaintiff alleges that he and Dr. Bick engaged in a heated verbal exchange, ending with Dr. Bick making a "medical threat" against plaintiff. Plaintiff claims that Dr. Bick then compelled two nurses to draw plaintiff's blood against plaintiff's will. Plaintiff claims that the nurses forged a medical requisition to have the blood analyzed. Plaintiff claims that Dr. Bick and the nurses lied to cover up this act. Plaintiff claims that Dr. Bick later attempted to murder plaintiff through an act of "contrived medical malpractice."

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

2

(9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446.

Claim one against defendants is so vague and conclusory that the undersigned cannot determine whether plaintiff has stated a colorable claim for relief.  See Samonte v. Bauman, 264 Fed. Appx. 634, 636 (9th Cir. 2008) (plaintiff failed to state a claim for deliberate indifference against governor where the only allegation in the complaint was that plaintiff wrote letters to the governor complaining about his prison medical care but received no reply). Plaintiff does not discuss when he sent defendants the letters describing the alleged criminal conduct.  Plaintiff also does not describe the contents of these letters.  Merely informing a supervisory official by letter of alleged unconstitutional acts after the fact is insufficient to establish that official's personal responsibility.

To the extent plaintiff claims that he informed defendants of Dr. Bick's conduct, the undersigned does not find that plaintiff has stated a colorable claim for relief regarding Dr.

Bick. Plaintiff does not describe the alleged threat made by Dr. Bick. Plaintiff also does not discuss why the blood sample was taken or why Dr. Bick forged a medical requisition. Plaintiff does not describe in any detail his claim that Dr. Bick later attempted to murder plaintiff. These allegations against Dr. Bick are so vague and conclusory that the undersigned cannot find that defendants violated plaintiff's constitutional rights by failing to investigate his claims against Dr. Bick, assuming plaintiff's letters to defendants addressed Dr. Bick's conduct.

If plaintiff files a second amended complaint, he must address when he sent defendants letters, the contents of the letters and whether he knows defendants actually received these letters.

*Claim Two*

Claim two is made only against defendant Governor Brown. Plaintiff alleges that he sent a complaint to defendant Brown's office alleging that CDCR personnel were permitted to bring radios, microwaves, coffee makers and other personal electronic devices into the California Medical Facility ("CMF"), where plaintiff is housed. Plaintiff alleges that these personal electronic devices are plugged into the CMF electrical grid. Plaintiff alleges that the high number of personal electronic devices in use at CMF by prison personnel caused electrical black-outs while plaintiff was undergoing dialysis therapy. Plaintiff alleges that the suspension of his dialysis during the black outs imperiled his life and health. Plaintiff alleges that understaffed dialysis nurses raced to preserve his life during the black outs.

The undersigned is concerned by plaintiff's claim that power outages disrupted his dialysis treatment, imperiling his health. The cause of the power outages is less troubling than the fact that they occurred. However, plaintiff has not plead sufficient facts for the undersigned to find a colorable claim for relief. Plaintiff does not address whether the dialysis machines had back up batteries or generators that functioned during the black outs. Plaintiff does not describe the length of time his dialysis was interrupted during the black outs. Plaintiff does not allege how his life was placed in danger during the black outs which temporarily halted his dialysis.

4

Plaintiff also does not allege how many black outs occurred while he was on dialysis. Accordingly, this claim against defendant Brown is dismissed with leave to amend. If plaintiff files a second amended complaint, he must address the issues discussed above.

*Claim Three*

In claim three, plaintiff alleges that his administrative appeals and staff complaints were not properly processed by prison officials. Plaintiff alleges that as a result of the mishandling of his grievances, staff misconduct went unchecked.

The actions of prison officials in responding to plaintiff's grievances, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10. Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

To the extent plaintiff is claiming that defendants failed to investigate his claims that prison officials failed to properly process his grievances, plaintiff has not stated a colorable claim for relief because plaintiff has no constitutional right to a grievance procedure. Accordingly, this claim is dismissed.

Remaining Matters

Plaintiff has filed two motions requesting that the court order the Federal Bureau of Investigation ("FBI") to conduct an investigation of the alleged violations of his constitutional

rights. The undersigned is not authorized to order the FBI to conduct an investigation. Accordingly, these motions are denied.

Plaintiff also filed a motion "for relief" from defendants' alleged misconduct. To the extent this motion seeks injunctive relief, this motion is premature because plaintiff has stated no colorable claims for relief. Accordingly, this motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Dkt. No. 13) is dismissed with thirty days leave to file a second amended complaint; failure to file a second amended complaint will result in the dismissal of this action;

2. Plaintiff's motions for an investigation (Dkt. Nos. 14 and 15) are denied; and

3. Plaintiff's motion for relief from defendants' misconduct (Dkt. No. 16) is denied.

DATED: April 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

br3053.ame